**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL HOLNESS, | : | |
| | : | Civil Action No. 05-4240 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| VINCENT P. SARUBBI, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

> MICHAEL HOLNESS, Plaintiff pro se
> # 140335
> Camden County Correctional Facility
> P.O. Box 90431
> Camden, New Jersey 08101

**SIMANDLE,** District Judge

Plaintiff Michael Holness ("Holness"), a state pre-trial detainee currently confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application

---

[1] In his Complaint, Holness asserts jurisdiction under Bivens v. Six Unknown Fed. Agent Bureau of Narcotics, 403 U.S. 388 (1971), but his claims are against a state actor, therefore, jurisdiction of his civil rights claim is more appropriately based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)
(1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the reasons set forth below, the Court concludes
that the Complaint should be dismissed without prejudice.

I.  BACKGROUND

In his Complaint, Holness alleges that defendant, Camden
County Prosecutor Vincent P. Sarubbi, violated his Sixth
Amendment right to a speedy trial.  Holness also alleges that
Sarubbi charged and imprisoned plaintiff on false statements made
by witnesses and investigating police officers.  Plaintiff
further asserts that Sarubbi sought to keep him in jail on an
excessive bail.  Finally, Holness contends that Sarubbi did not
do a thorough investigation of the case and did not act in a
professional manner.  (Complaint, "Cause of Action", ¶¶ 1-5).

Holness seeks a dismissal of his state criminal charges, to
be released from jail, and to be paid $2,500 in restitution for
each day he is incarcerated.  (Compl., "Demand").

2

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

---

[2]  Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Holness has filed any lawsuits that have yet been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  However, the Court does note that Holness has filed two civil rights complaints against different state actors on or about the same time as this action.  See Holness v. Wilson, Civil No. 05-4184 (JBS) and Holness v. Wheeler, Civil No. 05-4241 (JBS).

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

4

district court should permit a curative amendment before
dismissing a complaint, unless an amendment would be futile or
inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,
108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.
§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.
2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.
Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Holness brings this action pursuant to 42 U.S.C. § 1983
alleging violations of his civil rights guaranteed under the
United States Constitution.  Section 1983 provides in relevant
part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).  Here, there is no question that the named defendant,

Vincent P. Sarubbi, a state prosecutor with the Camden County
Prosecutor's Office, is a state actor.

IV.   <u>ANALYSIS</u>

"[A] state prosecuting attorney who act[s] within the scope
of his duties in initiating and pursuing a criminal prosecution"
is not amenable to suit under § 1983. <u>Imbler v. Pachtman</u>, 424
U.S. 409, 410 (1976). <u>See also</u> <u>Kulwicki v. Dawson</u>, 969 F.2d
1454, 1465 (3d Cir. 1992); <u>Schrob v. Catterson</u>, 948 F.2d 1402,
1417 (3d Cir. 1991); <u>Rose v. Bartle</u>, 871 F.2d 331, 345 and n.12
(3d Cir. 1989). A prosecutor's appearance in court as an
advocate in support of an application for a search warrant and
the presentation of evidence at such a hearing are protected by
absolute immunity. <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).
Similarly, "acts undertaken by a prosecutor in preparing for the
initiation of judicial proceedings or for trial, and which occur
in the course of his role as an advocate for the State, are
entitled to the protections of absolute immunity." <u>Buckley v.
Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for
damages under § 1983 for:  (1) instituting grand jury proceedings
without proper investigation and without a good faith belief that
any wrongdoing occurred, <u>Schrob</u>, 948 F.2d at 1411; <u>Rose v.
Bartle</u>, <u>supra</u>; (2) initiating a prosecution without a good faith
belief that any wrongdoing has occurred, <u>Kulwicki</u>, 969 F.2d at

6

1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343. In this regard, a falsely-charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. Kulwicki, 969 F.2d at 1464.

Here, Holness essentially alleges that defendant Sarubbi committed prosecutorial misconduct by charging plaintiff on false statements made by witnesses and investigating police officers, by delaying plaintiff's trial, by proposing excessive bail so that plaintiff remains in jail, and by not thoroughly investigating the case and being unprofessional in the prosecution of plaintiff. These allegations plainly show that Sarubbi was acting in his official prosecutorial role, and thus, is protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings. Therefore, the Court

7

will dismiss the Complaint for damages, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Moreover, Holness' claims of prosecutorial misconduct, which he asserts as a challenge to the state criminal charges against him in an effort to have the state charges dismissed, must be raised in Holness' pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Holness has an opportunity to raise before the state court. Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Holness is admittedly a pre-trial detainee awaiting trial; thus state proceedings implicating important state interests are ongoing and Holness has the opportunity to raise his claims in that proceeding.  Therefore, this Court is constrained by Younger

8

to dismiss Holness' Complaint against Prosecutor Sarubbi for his alleged misconduct in prosecuting plaintiff.

Holness also has no claim for damages at this time with respect to his claims of prosecutorial misconduct or malicious prosecution, unless and until the criminal proceedings are resolved in his favor or the conviction against him is invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486 (1994). Further, if Holness is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct.  Preiser v. Rodriquez, 411 U.S. 475 (1973).

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2).  An appropriate order follows.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

Dated:  **September 14, 2005**